IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

PAYLESS SHOESOURCE, INC.,
A Missouri Corporation,

        Plaintiff,
   vs.                              **Case No. 10-4156-RDR**

W/J COMMERCIAL VENTURE, L.P.,
a California Limited
Partnership; COMPTON COMMERCIAL
REDEVELOPMENT CO., a California
Corporation; RETAIL CENTER
PARTNERS, LTD., a Nevada
Limited Partnership; and GINGER
ROOT COMMERCIAL ASSOCIATES LLC,
a California Limited Liability
Company,
        Defendants.

**MEMORANDUM AND ORDER**

This case is before the court upon defendants' motion to transfer venue to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). This case involves four leases of retail commercial space in different shopping centers. Three of the leases are for store space in three shopping centers in Southern California. The fourth lease is for store space in a shopping center in Nevada. Each of the four shopping centers is managed for defendants by Watt Management Company ("Watt"), a California corporation. The complaint alleges that Watt overcharges plaintiff for common area management ("CAM") and real estate taxes for each of the four leases by excluding square footage from the denominator of plaintiff's pro rata share

calculation.  Plaintiff further alleges that defendants violated the "Most Favored Nations" provisions in each of the leases by requiring plaintiff to pay a greater pro rata share of taxes, insurance and CAM than the other tenants in the shopping centers. In addition to damages, plaintiff seeks a declaratory judgment that it is entitled to access to the books and records in Watt's possession relating to CAM, taxes and insurance.  According to defendants, these books and records are located in Santa Monica, California in the Central District of California.

This case was originally filed in the District Court for Shawnee County, Kansas.  It was removed by defendants to this court.  A few days after removal to this court, defendants filed the instant motion to transfer the action to the Central District of California.  There is no dispute that the Central District of California would be a legally proper venue for this action.

Standards

Under § 1404(a), a motion for transfer may be granted when it is "[f]or the convenience of the parties and witnesses, [or] in the interest of justice."  The following factors are often considered in deciding a motion to transfer:  1) plaintiff's choice of forum; 2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses; 3) the cost of making the necessary proof; 4) questions as to the enforceability of the judgment if one is

obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties that might arise from congested dockets; 7) the possibility of the existence of questions arising in the area of conflicts of law; 8) the advantages of having a local court determine questions of local law; and 9) all other considerations of a practical nature that make a trial easy, expeditious and economical. E.g., Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). Defendants in this instance have the burden of proving that moving this case to a different venue is justified. Big Dog Motorcycles v. Big Dog Holdings, 351 F.Supp.2d 1188, 1193 (D.Kan. 2005). Plaintiff's choice of forum has a premium under the law. "The plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in favor of the movant." Id.; see also Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992) (quoting William A. Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir. 1972)). "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." Scheidt, 956 F.2d at 966; see also, Etienne v. Wolverine Tube, Inc., 12 F.Supp.2d 1173, 1182 (D.Kan. 1998).

Arguments

Defendants make the following arguments in favor of their motion to transfer venue. First, defendants argue that the "overwhelming percentage of the witnesses in this action are

3

anticipated to be employees/partners of the individual defendants and the employees of WATT," who are located in California. Doc. No. 7, p. 5. Defendants claim that these witnesses include: "the individual property managers for each of the shopping centers . . ., their supervisors, the various partners, corporate officers and related entities of defendants, and the custodian(s) of WATT's records." Id. Defendants have submitted an affidavit which identifies seven anticipated witnesses. Five of the witnesses are or were property managers of the shopping centers. One is identified as a controller and another is identified as a consultant. These two witnesses are said to have more specialized knowledge about the calculation of plaintiff's share of CAM charges, taxes and insurance. All of these witnesses live in California. Defendants assert that only a "handful" of witnesses would be needed by plaintiff. Defendants further suggest that these witnesses' testimony would not be controversial, whereas the testimony of Watt's employees would be critical to the case.

Secondly, defendants argue that access to relevant books and records would be more convenient if the case was transferred to the Central District of California. Defendants claim: "Such documents and records are voluminous, and cover a multitude of tenants in four separate shopping centers, including multiple files, records and documents spanning a six year period for each retail space." Id. at p. 6. Finally, defendants claim that three of the leases

4

are governed by California law and the fourth lease is governed by Nevada law. So, defendants argue that transfer to a court more familiar with California and Nevada law should be considered in this case.

Plaintiff makes the following responses. First, plaintiff notes that its choice of forum is entitled to great weight. Second, plaintiff contends that shifting the forum to California would simply shift the inconvenience from defendants' witnesses to plaintiff's witnesses. Plaintiff argues:

> [Plaintiff] will call its own witnesses, including those involved in negotiating the various Leases, particularly the terms at issue; communicating with Watt throughout the terms of the Leases regarding common area maintenance, tax, and insurance charges; administering the Leases; processing and paying the charges under the various Leases; discovering the overcharges under the Leases; and maintaining [plaintiff's] pertinent records.

Doc. No. 17, p. 7. Plaintiff supports this argument with an affidavit listing twelve anticipated witnesses, eleven employees from Kansas and one expert witness from Ohio.

Third, plaintiff asserts that modern methods of transportation and communication lessen the inconvenience to witnesses who might need to travel to the court's venue and that depositions may be used to secure the testimony of witnesses unwilling or unable to attend a trial. Plaintiff contends there is no reason to call witnesses who represent other tenants of the shopping centers.

Fourth, regarding documents, plaintiff contends that a transfer of venue would simply trade the inconvenience of securing

5

and moving documents from California (or Nevada) for the inconvenience of securing and moving documents from Kansas. The affidavit filed with plaintiff's response states that there are hundreds of documents and records relating to this matter in Topeka, Kansas and hundreds of documents in the offices of plaintiff's expert witness in Ohio.

Fifth, plaintiff argues that this case involves "well-settled contract law" which this court is capable of applying even though the law may derive from California or Nevada. Finally, plaintiff asserts that the court docket in the Central District of California is more congested than the docket in the District of Kansas.

In reply, defendants argue that plaintiff's choice of venue should not be given undue weight. Defendants emphasize that the convenience of non-party witnesses supports the motion to transfer:

> [T]he witnesses identified by WATT are not direct employees of any of the defendants in this case, but are employees of Watt Management Company, the authorized agent for each of the individual defendants. Further, the property manager witnesses are each responsible for the day to day management, including site inspections, of numerous retail shopping centers throughout Southern California. To require these witnesses to attend trial in Kansas and still maintain the proper level of management would be onerous. . . .
> Further, plaintiff summarily dismisses the importance of third party witnesses, such as the other tenants in the four shopping centers. Yet, plaintiff has itself made these third party witnesses necessary by alleging that the most favored nation provisions state that plaintiff is to pay no greater pro rata share than paid by any other tenants in the shopping center.

Doc. No. 18, p. 6. Defendants further argue that these witnesses'

6

testimony will be crucial to the issues in this case.

Defendants reassert that plaintiff is seeking access to voluminous documents and records which are kept in California and that the production of those materials in Kansas would be burdensome and oppressive. Defendants also contend that there would be an advantage to having a California federal court apply California and Nevada law in this case and to having a California federal court resolve the potential discovery disputes relating to access to documents.

Finally, defendants contend that the Central District of California courts decide civil cases more quickly on average than the District of Kansas courts.

Analysis

The court has carefully reviewed the arguments and materials submitted by the parties. The court is not convinced that the factors this court must consider weigh strongly in favor of transfer. The transfer of this case would merely shift the inconvenience of litigating this case from defendants' witnesses to plaintiff's witnesses. The court is not convinced that critical testimony will be lost if this case remains in this court. Nor does the court believe that the inconvenience of document production and transportation will be significantly lessened if this case is transferred; it will simply be shifted to a different party. While there may be some advantage to having a California

7

court interpreting California law as it may apply to three leases, the court does not believe this advantage is so significant that it warrants transfer. This court should be able to apply the relevant law in this case. The court does not believe that the court congestion factor shifts the balance one way or another.

Defendants' account of anticipated witness testimony does not describe in much detail the quality or materiality of the proposed testimony. As in Scheidt, this makes it difficult for defendants to carry the burden of demonstrating inconvenience to defendants' prospective witnesses. 956 F.2d at 966. Defendants should have records showing how CAM, tax and insurance charges were assessed to the tenants of the shopping centers. This may reduce any need to call third-party witnesses representing other tenants. While defendants suggest via affidavit that the removal of records to Kansas would seriously impede Watt's management business, no explanation is provided as to why accommodations could not be made to assure access to documents needed on a day to day basis. As to this factor and others we agree with those courts that have observed that modern technology has reduced the burden of litigation upon nonresident defendants. E.g., Thermal Components Co. v. Griffith, 98 F.Supp.2d 1224, 1233 (D.Kan. 2000).

In sum, the court concurs with plaintiff that this case resembles the Scheidt case in substantial respects, although we acknowledge that the Tenth Circuit in that case was only assessing

whether the district court had abused its discretion by denying a motion to change venue.[1] The court believes that defendants will suffer inconvenience from litigating in this venue, but transferring the case to California will merely shift the inconvenience from one side to the other. After careful consideration, the court finds that the grounds in favor of transfer have not been demonstrated to be of sufficient weight to justify a change of venue in this case.

Conclusion

For the above-stated reasons, defendants' motion for transfer shall be denied.

**IT IS SO ORDERED.**

Dated this 8th day of February, 2011 at Topeka, Kansas.

                                s/Richard D. Rogers
                                United States District Judge

---

[1] This case bears a greater factual resemblance (although there are some differences) to Sheplers, Inc. v. Kabuto Intern. (Nevada) Corp., 1998 WL 295608 (D.Kan. 6/2/1998). In that case, the court denied a motion to transfer the action to the District of Nevada where the shopping center in question was located.